United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSSELL GARRETT, | No. C 06-05182 SBA (PR) |
| Petitioner, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION** |
| v. | |
| D.L. RUNNELS, Warden, | |
| Respondent. / | (Docket no. 15) |

Petitioner William Russell Garrett, a prisoner of the State of California incarcerated at California State Prison - Los Angeles, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court issued an order to show cause requiring Respondent to show cause why the petition for a writ of habeas corpus should not be granted. Respondent filed an answer on April 30, 2007. Petitioner filed a traverse on May 25, 2007.

Before the Court is Petitioner's "Motion for 'Reasonable Accomadation' [sic] A.D.A. Title II," in which Petitioner requests appointment of counsel in this action because he claims he "suffers from mental disabilities (organic brain disorder, attention deficit hyperactivity disorder, episodic explosiveness, depression, and a mood disorder)." (May 25, 2007 Mot. at 1.) Therefore, the Court construes his motion as a motion for appointment of counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

1  facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas
2  Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
3  when the circumstances of a particular case indicate that appointed counsel is necessary to prevent
4  due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
5  Cir. 1965).

6  Even if Petitioner alleges that he is somewhat mentally impaired, the Court finds that
7  appointment of counsel is not warranted in this case.  Petitioner's claims were all well briefed by
8  counsel on direct appeal and in his state habeas petition.  (Resp't Ex. 7, 8.)  They are typical claims
9  that arise in criminal appeals and are not especially complex.  This is not an exceptional case,
10 therefore, that would warrant representation on federal habeas review.  Petitioner's motion for
11 appointment of counsel (docket no. 15) is DENIED.

12 Also before the Court is Petitioner's "Declaration and Opposition to Answer for Writ of
13 Habeas Corpus" (docket no. 16) in which Petitioner states that he "would like to amend his petition
14 to add the three other related claims now being exhausted in the state supreme court."[1]  (May 25,
15 2008 Mot. at 2.)  The Court construes this motion as a motion for leave to amend the petition.  The
16 Court notes the certificate of service shows the motion was served on Respondent's attorney, the
17 Attorney General's office.  Therefore, this motion is not ex parte, and the Court will issue a further
18 briefing schedule on the motion for leave to amend the petition.  Respondent shall file any
19 opposition to the motion for leave to amend the petition (docket no. 16) within **thirty (30) days** of
20 the date of this Order.  Petitioner may file a reply within **thirty (30) days** of the date of his receipt of
21 the opposition.

22 This Order terminates Docket no. 15.

23 IT IS SO ORDERED.

24 DATED:_3/20/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The California Supreme Court's official website shows that the habeas petition relating to his three new claims was denied on June 20, 2007 in Garrett (William R.) On H.C., Cal. S. Ct. No. S149609.

P:\PRO-SE\SBA\HC.06\Garrett5182.denyATTY&sched.frm

<table>
<tr><td colspan="2">

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

</td></tr>
<tr><td>

WILLIAM RUSSELLGARRETT,

        Plaintiff,

v.

D.L. RUNNELS et al,

        Defendant.

</td><td>

Case Number: CV06-05182 SBA

**CERTIFICATE OF SERVICE**

</td></tr>
</table>

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William R. Garrett V-30110
California State Prison, Los Angeles
P.O. Box 8457
Lancaster, CA 93539-8457

Dated: March 24, 2008

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Garrett5182.denyATTY&sched.frm