IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM R. GARRETT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>D.L. RUNNELS, Warden,<br><br>　　　　Respondent.　　　　　　　　　／ | No. C 06-05182 SBA (PR)<br><br>**ORDER DENYING PETITIONER'S**<br>**MOTION FOR RECONSIDERATION** |

　　　Before the Court is Petitioner's motion for reconsideration of the Court's Order denying appointment of counsel.

　　　Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

Petitioner presents no grounds that warrant reconsideration.  As explained in the Court's Order denying appointment of counsel, the Sixth Amendment's right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987).  While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule.  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations, see Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied, 382 U.S. 996 (1966), and whenever an evidentiary hearing is required, see Rule 8(c) of the Rules Governing Section 2254 Cases; United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); Bashor, 730 F.2d at 1234.  At present, the Court has ordered briefing on relatively straightforward issues, and no evidentiary hearing appears necessary.  The Court has previously determined that appointment of counsel is not warranted in this case even if Petitioner has alleged that he is somewhat mentally impaired.  (Mar. 24, 2008 Order at 2.)  The record shows that Petitioner's claims were all well briefed by counsel on direct appeal and that they are typical claims that are not especially complex.  (Id.)  Accordingly, Petitioner's motion for reconsideration is DENIED because this is not an exceptional case that would warrant representation on federal habeas review.

This Order terminates Docket no. 20.

IT IS SO ORDERED.

Dated: 5/7/08

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.06\Garrett5182.DenyRecon2tty.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM RUSSELL GARRETT,

        Plaintiff,

  v.

D.L. RUNNELS et al,

        Defendant.
                                    /

Case Number: CV06-05182 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William R. Garrett V-30110
California State Prison, Los Angeles
P.O. Box 8457
Lancaster, CA 93539-8457

Dated: May 8, 2008

                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Garrett5182.DenyReconAtty.frm