IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSSELL GARRETT,<br><br>    Petitioner,<br><br>  v.<br><br>D. L. RUNNELS, Warden,<br><br>    Respondent.                                  / | No. C 06-05182 SBA (PR)<br><br>**ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL** |

     Petitioner has filed a renewed request for appointment of counsel in this action. In an Order dated March 20, 2008, the Court denied Petitioner's first request for appointment of counsel. Petitioner thereafter filed a motion for reconsideration of the Court's denial of his motion for appointment of counsel. In an Order dated May 7, 2008, the Court denied Petitioner's motion for reconsideration.

     On February 4, 2009, the Court received a document from Petitioner entitled, "Emergency Motion for Appointment of Counsel to Stop Respondent from Retaliating/Interfering with Petitioner's Due Process Rights." Petitioner alleges that he suffers from "several mental/learning disabilities." (Mot. for Att'y at 1.) He complains of alleged violations of the Americans with Disabilities Act (ADA) at the prison where he is incarcerated, and he seeks appointment of counsel to assist him in litigating those claims.

     The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the

exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

      The Court has previously determined that appointment of counsel is not warranted in this case even if Petitioner has alleged that he is somewhat mentally impaired.  (Mar. 20, 2008 Order at 2.)  The record shows that Petitioner's claims were all well briefed by counsel on direct appeal and that they are typical claims that are not especially complex.  (Id.)  Furthermore, Petitioner has filed responses to Respondent's answer and supplemental answer.  Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's renewed request is DENIED.  This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

      Furthermore, Petitioner may not pursue ADA claims in this habeas action.  If he wishes to pursue such claims and he has already completely exhausted his administrative remedies within the prison grievance system or disability accommodation mechanism, he may file a separate civil rights action using the attached form.  The Clerk of the Court shall send Petitioner a blank § 1983 civil rights complaint form.

      This Order terminates Docket no. 38.

      IT IS SO ORDERED.

Dated:  2/17/09

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.06\Garrett5182.RenewedATTYdenied.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF
CALIFORNIA

WILLIAM RUSSELL GARRETT,

        Plaintiff,

  v.

D.L. RUNNELS et al,

        Defendant.

Case Number: CV06-05182 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William R. Garrett V-30110
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: February 17, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Garrett5182.RenewedATTYdenied.wpd