IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSSELL GARRETT,<br><br>    Petitioner,<br>v.<br><br>D.L. RUNNELS,<br><br>    Respondent. | No. C 06-5182 SBA (pr)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION;**<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL** |

      The Court denied the petition in the above-titled matter, and entered judgment in favor of Respondent on May 21, 2009.  (See Docket Nos. 42 & 43.)  This Court also denied Petitioner's request for a certificate of appealability (see Docket No. 48), as has the Ninth Circuit Court of Appeals (see Docket No. 51).

      Petitioner now moves, pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(1), for reconsideration of the judgment and the order denying the petition because of mistakes made by the state and federal courts.  (See Docket No. 53.)  A motion brought pursuant to FRCP 60(b)(1) must be filed "no more than a year after the entry of judgment or order or date of proceeding."  See FRCP 60(c)(1).

      Petitioner's motion is untimely.  Specifically, Petitioner filed the present motion on November 21, 2011, well more than a year after judgment was entered on May 21, 2009, and it is

therefore barred by the filing requirement set forth in FRCP 60(c)(1).  Accordingly, Petitioner's motion is DENIED.

Petitioner also has filed a motion for reasonable accommodations (Docket No. 57) which in actuality is a motion for the appointment of counsel.  In light of the fact that the Court has already resolved this action, such request is moot.  Alternatively, Petitioner has not otherwise made a sufficient showing for the appointment of counsel.  There is no right to counsel in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court, see Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel, and said motion is DENIED.

This order terminates Docket Nos. 53 & 57.

IT IS SO ORDERED.

DATED: _3/13/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSSELL GARRETT, | Case Number: CV06-05182 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| D.L. RUNNELS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William R. Garrett V-30110
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: March 13, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.06\Garrett182.recon.md.frm      3