IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSSELL GARRETT, ) | No. C 06-5182 SBA (pr) |
| Petitioner, ) | **ORDER DENYING SECOND MOTION FOR RECONSIDERATION AND DENYING PENDING MOTIONS** |
| v. ) | |
| D.L. RUNNELS, ) | |
| Respondent. ) | Docket Nos. 61, 63, 64, 66, and 68 |
| _____ ) | |

    On May 21, 2009, the Court denied the habeas petition in the above-titled matter, and entered judgment in favor of Respondent. (Docket Nos. 42 & 43.) On August 27, 2009, the Court denied Petitioner's motion for a certificate of appealability. (Docket No. 48). Petitioner appealed to the Ninth Circuit Court of Appeals, which, on June 16, 2011, denied his request for a certificate of appealability. (Docket No. 51). On June 5, 2012, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. (Docket no. 70).

    After the Ninth Circuit rejected Petitioner's appeal, he filed additional motions in this Court. On November 21, 2011, Petitioner filed a motion for reconsideration of the Court's May 21, 2009 Order and Judgment and, on February 24, 2012, he filed a motion for reasonable accommodations under the Rehabilitation Act and the Americans with Disabilities Act (ADA). (Docket Nos. 53, 57). On March 13, 2012, the Court denied both of these motions. (Docket no. 60).

    Petitioner now has filed the following: (1) motion for extension of time to file

rehearing and appeals motions (Docket no. 61); (2) motion for reasonable accommodations (Docket no. 63); (3) second motion for reasonable accommodations (Docket no. 64); (4) motion to set aside the judgment (Docket no. 66); (5) second motion for reconsideration of the Court's May 21, 2009 Order; (Docket no. 68); and (6) supplement to motion for reconsideration (Docket no. 71). The Court addresses Petitioner's motion for reconsideration and, for the reasons discussed below, denies it. The Court's denial of said motion renders all remaining motions moot.

A district court has the discretion to reconsider a prior order. Sch. Dist. No. 1J v. ACandS, Inc., Multnomah Cnty., Or., 5 F.3d 1255, 1262 (9th Cir. 1993). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Petitioner seeks reconsideration of the Court's denial of his claim that the state trial court denied him reasonable accommodations in violation of the Americans with Disabilities Act (ADA) based on recently promulgated California regulations applying the ADA to superior courts. Although one of the grounds for reconsideration is an intervening change of controlling law, the new state regulations do not provide grounds for reconsideration because habeas proceedings must be predicated upon violations of the federal Constitution and laws of the United States. See Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("In short, violations of state law are not cognizable on federal habeas review." ). Thus, even if the superior court violated a state regulation, such a violation would not be cognizable in a federal habeas corpus proceeding.

Petitioner also seeks reconsideration of several claims on the ground that the

California Supreme Court did not have the full record of his criminal case when it made its ruling. This is insufficient grounds for reconsideration of his habeas claims. The issue of whether the California Supreme had a complete record is an issue for that particular court to consider. Petitioner also claims that the state court record in this Court regarding several of his habeas claims was incomplete. The Court addressed this claim in its May 21, 2009 Order. See May 21, 2009 Order at 10. Petitioner has not presented any arguments relating that claim that warrant reconsideration.

Finally, the Court notes that Petititioner recently filed a supplement to his motion for reconsideration, docket no. 72, in which he submits a recent Ninth Circuit decision, Miles v. Martel, 696 F.3d 889 (9th Cir. 2012). However, the Ninth Circuit has since withdrawn that decision. Miles v. Martel, -- F.3d --, 2012 WL 5896794 *1 (9th Cir. Nov. 21, 2012).

In sum, because Petitioner presents no cogent arguments for granting reconsideration, the motion is denied. Petitioner's other motions are denied as moot.[1] Accordingly,

IT IS HEREBY ORDERED THAT Petitioner's motion for reconsideration (Docket no. 68) and supplemental motion (Docket no. 71) are DENIED. All other motions are denied as moot. This order terminates Docket Nos. 61, 63, 64, 66, and 68.

IT IS SO ORDERED.

DATED: 11-30-12

SAUNDRA BROWN ARMSTRONG
United States District Judge

L:\PRO-SE\SBA\HC.06\Garrett182RH2ndReconShortREVISED.frm

---

[1] Furthermore, Petitioner may not continue his attempts to relitigate issues that have already been adjudicated. Petitioner is not to file further motions in this case, which has been closed since 2009. The Clerk is ordered to return to Petitioner any further documents he files in this case.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM RUSSELL GARRETT,

        Case Number: CV06-05182 SBA

    Plaintiff,

        **CERTIFICATE OF SERVICE**

  v.

D.L. RUNNELS et al,

    Defendant.
                                  /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

4

William R. Garrett V-30110

California Men's Colony

P.O. Box 8101

San Luis Obispo, CA 93409-8101

Dated: December 3, 2012

                                        Richard W. Wieking, Clerk

                                        By: Lisa Clark, Deputy Clerk