IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSSELL GARRETT,<br><br>    Petitioner,<br><br>  v.<br><br>D.L. RUNNELS, Warden,<br><br>    Respondent. | No. C 06-5182 SBA (PR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

    Petitioner, a California prisoner proceeding pro se, previously filed a petition for a writ of habeas corpus under 28 U.S.C. 2254. Almost three year ago on May 21, 2009, the Court issued an eighteen-age decision denying the petition on the merits, and declined to issue a certificate of appealability (COA). Dkt. 42. Petitioner filed a notice of appeal and request for a COA; however, on June 16, 2011, the Ninth Circuit denied Petitioner's request for a COA, thereby terminating the appeal. Dkt. 51.[1]

    On November 21, 2011, five months after the Ninth Circuit dismissed Petitioner's appeal and well over two years after the Court denied the petition, Petitioner filed a motion for reconsideration of the Court's denial of his writ petition. Dkt. 53. The Court denied the motion for reconsideration and various other motions on March 13, 2012. Dkt. 60.

    On April 5, 2012, Petitioner filed a second motion for reconsideration under Federal Rule of Civil Procedure 60(b) and numerous other motions. Dkt. 61, 63, 64, 66, 68. The second motion for reconsideration is a photocopy of the first motion for reconsideration. Dkt. 68. The Court denied all of the motions on December 3, 2012. Dkt. 74. On December 19, 2012, Petitioner filed a notice of appeal from the December 3rd Order. Dkt. 75.

    On February 13, 2012, the Ninth Circuit issued an order remanding the case to this Court for a determination of whether a COA should issue in connection with the denial of

---

[1] Petitioner subsequently sought a writ of certiorari from the Supreme Court which was denied on June 12, 2012. Dkt. 70.

1  Petitioner's motion for reconsideration. Dkt. 77. A certificate of appealability may issue
2  only if the applicant makes a substantial showing of the denial of a constitutional right. See
3  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000). Under this standard, a
4  petitioner must show that reasonable jurists "could debate whether (or, for that matter, agree
5  that) the petition should have been resolved in a different manner or that the issues presented
6  were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537
7  U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). For the reasons stated below, the
8  Court finds that Petitioner has not demonstrated that jurists of reason would find the denial of
9  his motions debatable or wrong or that the issues presented are adequate to deserve
10 encouragement to proceed further. Id. at 323.

11 Under Federal Rule of Civil Procedure 60(b), reconsideration is appropriate only upon
12 a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
13 evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void
14 judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying
15 relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Here, the motion that
16 Petitioner is now attempting to appeal – i.e, his second motion for reconsideration filed on
17 April 5, 2012, Dkt. 68 – is nothing more than a photocopy of his first motion for
18 reconsideration filed on November 21, 2011, Dkt. 53. The Court denied Petitioner's first
19 motion for reconsideration as untimely on March 13, 2012. Dkt. 60.[2] As such, Petitioner's
20 second motion is, in effect, a motion to reconsider the Court's March 13, 2012 Order denying
21 his motion reconsideration. However, since the two reconsideration motions are identical, it
22 is plain that Petitioner has failed to demonstrate that reconsideration of the denial of the first
23 motion is warranted under Rule 60(b).[3]

---

[2] Petitioner did not appeal that ruling.

[3] Even if the second motion were construed under Rule 59(e), the motion fails. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ("Treating the motion for reconsideration as one brought under Rule 59(e), the trial court did not abuse its discretion in denying the motion, because the Fullers presented no arguments which the court had not already considered and rejected.").

2

Even if Petitioner's second motion were construed as a motion to reconsider the Court's denial of the petition on May 29, 2009 (as opposed to the March 13, 2012 Order denying his first motion for reconsideration), no jurist of reason would find any merit to the motion. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). In the habeas context, a motion for reconsideration under Rule 60(b)(6) is not limited to a year, but does require a showing of "extraordinary circumstances." Lopez v. Ryan, 678 F.3d 1131, 1135-36 (9th Cir. 2012). Petitioner's motion falls far short of meeting that standard. The gist of Petitioner's motion is that the California Supreme Court did not have a complete record to review his case, and that if it had such, records, the court would have recognized that the trial court failed to accommodate his disabilities, as required by the American with Disabilities Act (ADA) and state regulations implementing the ADA. Dkt. 68 at 6-7. Petitioner provides no support for this assertion. Moreover, Petitioner ignores that this Court, in fact, addressed Petitioner's ADA claim extensively in its Order denying the petition. See Order Denying Pet. for Habeas Corpus at 10, 16-18, Dkt. 42. Petitioner's attempt to relitigate a claim which the Court considered and rejected long ago simply does not present "exceptional circumstances" warranting reconsideration. See Lopez, 678 F.3d at 1135-36.

In sum, Petitioner's habeas petition was fully and fairly adjudicated by this Court. Both this Court and the Ninth Circuit denied his request for a COA to appeal that ruling and the United States Supreme Court refused to grant certiorari. Petitioner's second motion for reconsideration is untimely, fails to demonstrate the existence of exceptional circumstances, and otherwise fails to show that any reasonable jurist could debate whether the petition should have been resolved in a different manner. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Petitioner's request for a COA is DENIED.

3

2. The Clerk of the Court shall transmit a copy of this order to the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED: 2-19-13

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSSELL GARRETT,<br><br>        Plaintiff,<br><br>  v.<br><br>D.L. RUNNELS et al,<br><br>        Defendant. | Case Number: CV06-05182 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William R. Garrett V-30110
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: February 22, 2013

                                      Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.06\Garrett 06-5182 denyCOA-kkf revised .wpd